UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
ABDULLAH Y. SALAHUDDIN,

                              Plaintiff,

      v.                                                         9:05CV-0679
                                                                    (TJM)(GHL)
DR. LESTER N. WRIGHT; DR. ROBERT PICKELS;
THOMAS EAGEN; MR. DEBEJIAN; MR. HAASE;
MS. S. CARTER; MR. MOTTL; MR. SPURGEON;
SUSAN CONNELL,

                              Defendants.
_____
APPEARANCES:

ABDULLAH Y. SALAHUDDIN
Plaintiff, *pro se*
78-A-1148
Oneida Correctional Facility
P.O. Box 4580
Rome, New York 13442

THOMAS J. McAVOY, SENIOR JUDGE

## DECISION and ORDER

**I.    Introduction**

      The Clerk has sent to the Court a *pro se* complaint from Abdullah Y. Salahuddin. Plaintiff, who is presently incarcerated at Oneida Correctional Facility, has also filed an application to proceed *in forma pauperis*. and an inmate authorization form.

      For the reasons stated below, the Court dismisses the complaint *sua sponte* as without an arguable basis in law.

**II.    *In forma pauperis* application**

      After reviewing the information that plaintiff provided in his *in forma pauperis* application (Dkt. No. 2), the Court concludes that plaintiff has demonstrated his indigency and properly commenced this action without prepayment of the filing fee.

## III. Sufficiency of the complaint

Since the Court has found that plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the court determines that -
>
> ***
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, there is a responsibility on the court to determine that a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action *in forma pauperis*. *Id.*; *see also* 28 U.S.C. § 1915A(b)(1).

Plaintiff's complaint is not styled not as a civil action, but rather purports to be a "criminal complaint." Dkt. No. 1 at 1. By this complaint, plaintiff seeks to have criminal proceedings initiated against the named defendants for various criminal offenses allegedly committed by the defendants during plaintiff's incarceration. Dkt. No. 1 at attached "Criminal Complaint" pp. 1-6. The allegedly criminal conduct by the defendants appears to arise out of and relate to plaintiff's medical care and programming at Oneida Correctional Facility. *Id*. For a complete statement of plaintiff's claims, reference is made to the complaint.

"It is well settled that a private citizen has no right to prosecute a federal crime." *New York v. Muka*, 440 F.Supp. 33, 36 (N.D.N.Y. 1977) (*citing Connecticut Action Now, Inc. v. Roberts Plating Company, Inc.*, 457 F.2d 81, 86 (2d Cir. 1972)); *Keenan v.*

*McGrath*, 328 F.2d 610 (1st Cir. 1964); *United States v. Panza*, 381 F.Supp. 1133 (W.D.Pa.1974)); *see also Savage v. Arnold*, 403 F.Supp. 172, 174 (E.D.Pa. 1975) (private citizen has no right to maintain a criminal complaint). "Federal crimes are prosecuted by the United States Attorney, who possesses an absolute and unreviewable discretion as to what crimes to prosecute." *Muka*, 440 F.Supp. at 36 (*citing* 28 U.S.C. § 547(1)); *United States v. Kysar*, 459 F.2d 422 (10th Cir. 1972)(other citation omitted). A criminal prosecution is intended to protect the rights of the United States as a whole, and not to vindicate private rights. *Muka*, 440 F.Supp. at 36. In addition, insofar as plaintiff seeks by his complaint to have state criminal charges initiated against the defendants, this Court lacks jurisdiction over any such claims.

Accordingly, plaintiff's purported "criminal complaint" is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this action is without prejudice to plaintiff's right to commence a civil action pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil and/or constitutional rights.

WHEREFORE, based upon the foregoing, it is hereby

ORDERED, that this action is dismissed, and it is further

ORDERED, that plaintiff's *in forma pauperis* application (Dkt. No. 2) is denied as moot, and it is further

ORDERED, that the Clerk serve a copy this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Datted: June 15,2005

Thomas J. McAvoy
Senior, U.S. District Judge